IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barney Bernard Wilson, | C/A No. 0:10-1271-TLW-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Isaac L. Pyatt, Georgetown County Magistrate; Eddie Lee, Inv. Andrews Police Dept.; Orrie E. West, Georgetown County Public Defender; Richard F. Colvin, Senior Trial Attorney for Georgetown County Public Defender; | |
| Defendants. | |

The plaintiff, Barney Bernard Wilson ("Plaintiff"), a self-represented pre-trial detainee, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a detainee at the Georgetown County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint appears to name several employees of a governmental entity as defendants.[1] Plaintiff alleges that the defendants are not properly performing their jobs and that he should be released from jail. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim on which relief may be granted and immunity.

---

[1] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.

---

[2]Screening pursuant to § 1915A is subject to this standard as well.



§ 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal

*PJG*

arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff alleges that in 2006 an arrest warrant was issued for him presumably from a court in Georgetown County. Plaintiff alleges that he was "a Fugitive of Justice" before he was caught on February 23, 2010, in Philadelphia, PA. (Compl., Docket Entry 1 at 5.) Plaintiff alleges that at the time he was caught he had been working for 31 months "under of the table." (Id.) Plaintiff alleges that before he was incarcerated in the Georgetown County Detention Center he was sending money to help support his children. In this case, Plaintiff seems to allege a vaguely defined conspiracy among the defendants to act in a manner that is *not* in the Georgetown County community's best interest. Plaintiff alleges that the defendants "do the wrong things" and that the community needs "the proper ones doing the job." (Id. at 3-4.) Plaintiff filed this case so that a "high authority," presumably this court, will check into the matters to help bring about changes for the Georgetown County community. Plaintiff alleges that he has not met Defendants West or Colvin. He alleges that on April 10, 2010, he received a document which named Defendants West and Colvin as his public defenders, so he sued them because they know what is going on in Georgetown County. (Id.) Plaintiff asks the court to "give me a chance to be a father to my kids," and he states that if "my matter" is "right" or "strong" then for the court to "give me my freedom back because my family need [*sic*] me to be with them not in here." (Id. at 5.)

*PJG*

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Even liberally construing Plaintiff's Complaint, he does not allege facts that would tend to show that the defendants violated his constitutional rights or that the defendants violated a United States law. See Adams v. Rice, 40 F.3d 72, 74-75 (4th Cir. 1994) (finding that a complaint was subject to summary dismissal because it did not contain any facts to support the claim); Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995). While the plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2007)); see also Francis v. Giacomelli, 588 F.3d 186, 192-93 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). An alleged conspiracy that the defendants do not do what is best for the Georgetown County community is vague and insufficient to allege any violation of

*PJG*

a constitutional provision or United States statute. Therefore, Plaintiff fails to state a claim on which relief may be granted.

Even if Plaintiff did allege a cognizable claim pursuant to § 1983, Defendants West and Colvin, both public defender attorneys, should be dismissed from this action because they did not act under color of law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-324 & nn.8-16 (1981) (public defender); cf. Vermont v. Brillon, 129 S.Ct. 1283, 1291 (2009) (noting that assigned counsel for a criminal defendant is not ordinarily considered a state actor). Because Defendants West and Colvin have not acted under color of state law, Plaintiff fails to state a cognizable claim against them under 42 U.S.C. § 1983.

Additionally, Defendant Pyatt is alleged to be a magistrate in Georgetown County. Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge;

PJG

and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). " 'This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.' " Id. (citation omitted). State and federal judges are also immune to requests for injunctive relief. See Gilbert v. Ferry, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), aff'd 401 F.3d 411 (6th Cir. 2005); Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000); see also 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer). Immunity presents a threshold question. See Harlow v. Fitzgerald, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Plaintiff does not allege any facts that would tend to show that Defendant Pyatt acted in the clear absence of all jurisdiction. In fact, Plaintiff does not allege any specific facts against Defendant Pyatt. Thus, Defendant Pyatt should be summarily dismissed based on judicial immunity.

Finally, although Plaintiff requests that this court give Plaintiff his freedom if "my matter" is "right" or "strong," release from prison is not appropriate relief in a civil rights action. Cf. Heck v. Humphrey, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). Here, where Plaintiff allegedly has not been convicted on a charge and a criminal charge is pending against him, absent extraordinary circumstances federal courts are not authorized to interfere with a state's pending criminal proceedings. See Younger v. Harris, 401 U.S. 37, 44 (1971); Harper v. Public Serv. Comm'n of West Va., 396 F.3d 348, 351-52 (4th Cir. 2005) (noting that criminal law is a

Page 7 of 9

PJG

core source of state authority and that "[c]riminal proceedings are, perhaps, the most obvious example of the states' sovereign authority 'to perform their separate functions in their separate ways.' "); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). In Cinema Blue, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. See also Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (*en banc*) (noting that " . . . federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 9, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).